**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUNKHBAYAR PUUREE, | No. 12-73974 |
| Petitioner, | Agency No. A088-120-338 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Munkhbayar Puuree, a native and citizen of Mongolia, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Puuree's declaration of death threats by his former employer and a police inspector, and the inconsistencies and omissions regarding the police threats to Puuree's father after Puuree departed Mongolia. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances). Puuree's explanations, including translation errors, do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Further, we reject Puuree's contention that the agency failed to consider his explanations for the inconsistencies and omissions. In the absence of credible testimony, Puuree's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Puuree's CAT claim also fails because it is based on the same statements found not credible, and he does not point to any other evidence in the record to compel the finding that it is more likely than not he would be tortured by

or with the consent or acquiescence of a public official in Mongolia. *See id.* at

1156-57.

**PETITION FOR REVIEW DENIED.**